IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL A. KEATING-REICHWEIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNIVERSAL COMPANIES | : | NO. 13-7290 |

**O R D E R**

**AND NOW,** this 24th day of October, 2014, upon consideration of the parties respective motions *in limine* (ECF Documents 19-22 & 34), and following today's oral argument, it is hereby **ORDERED** that:

      1. Defendant's motion to preclude the introduction of evidence regarding corporate entities and office addresses associated with defendant, the personal incomes and occupations of defendant's employees, and the social and familial relationships of defendant's employees (Doc.19) is **GRANTED in part**, and **DENIED in part**. To the extent that defendant's motion (Doc. 19) requests preclusion of the personal incomes of defendant's employees, the motion is **GRANTED** in that plaintiff concedes she does not intend to present such evidence. *See* Pl.'s Resp. Br. (Doc. 33) at 4. In all other respects, defendant's motion (Doc. 19) is **DENIED** as relevant and not unfairly prejudicial. The possibility of prejudice or any of the other concerns of Rule 403 does not outweigh the probative value of this evidence. *See* Fed. R. Evid. 403;[1]

---

[1] Evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Bergrin*, 682 F.3d 261, 278 (3d Cir. 2012) (quoting Fed. R. Evid. 403).

1

2. Defendant's motion to preclude evidence that Rahim Islam, Sr. wrote his son, Raheem Islam, Jr. into a Physical Education Grant as a Physical Education instructor (Doc. 20) is **DISMISSED** as moot. As confirmed at today's oral argument, the challenged document (Bates-stamped No. 3676) is not listed as an exhibit for trial and will thus not be used at trial;

3. Defendant's motion to preclude plaintiff's complaints regarding the payment of the success fee for the 21st Century Grant, Cohort 5 (Doc. 21) is **DENIED**. The challenged evidence is relevant as prior course of conduct, *see, e.g., Keegan v. Steamfitters Local U. No. 420 Pension Fund*, 174 F. Supp.2d 332, 342 (E.D. Pa. 2001), and its probative value is not substantially outweighed by a danger of unfair prejudice or the other concerns of Rule 403;

4. Defendant's motion to preclude IRS Forms 990 (Doc. 22) is **GRANTED.** In response to this motion, plaintiff argues that "[t]he Forms 990 will serve two purposes": (1) placing plaintiff's demand for damages "in the context of the financial growth she stimulated at Universal Companies"; and (2) they will demonstrate "that the substantial revenues of Universal Companies and its affiliated entities does not go to direct student services." *See* Pl.'s Resp. Br. (Doc. 32) at 2. At this stage in the proceedings, especially in light of defendant's representation at today's oral argument of having no intention of raising the issue of defendant's ability to pay damages or suggesting that any damages awarded might somehow adversely effect student services, under Rule 403, any probative value of the IRS 990 Forms is outweighed by unfair prejudice and confusion of the issues. However, as explained at oral argument, should defendant "open the door" at trial by suggesting any inability to pay on defendant's part or by suggesting that any damages awarded may adversely effect student services, the Court will revisit the issue upon plaintiff's request;

5. Plaintiff's motion to preclude defendant from introducing any evidence regarding defendant's affirmative defense of waiver (Doc. 34) is **DENIED**. As defendant points out, *see* Def.'s Resp. Br. (Doc. 36) at 4, plaintiff received timely notice of defendant's affirmative defense of waiver when defendant filed its responsive pleading to the Complaint. Despite the fact that defendant requested in July 2014 the relevant material and responsive documents, including the documents which address plaintiff's waiver of some of her success fees relevant to this case, plaintiff failed to produce these documents until after the discovery deadline.

BY THE COURT:

 s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE