IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL A. KEATING-REICHWEIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNIVERSAL COMPANIES | : | NO.  13-7290 |

**MEMORANDUM**

ELIZABETH T. HEY, U.S.M.J.                                                                            March 13, 2015

In this breach of contract action, Plaintiff Carol A. Keating-Reichwein ("Plaintiff") prevailed at trial against Universal Companies ("Universal" or "Defendant") in a jury trial before the Honorable L. Felipe Restrepo.  Specifically, in a verdict rendered on October 31, 2014, the jury found that Defendant breached its contract with Plaintiff for each of five grant proposals prepared by Plaintiff, and awarded Plaintiff itemized damages totaling $767,560.00.  Presently before the court is Plaintiff's motion seeking $184,214.40 in prejudgment interest (Doc. 55).[1]  For the reasons that follow, the motion will be granted in part and denied in part.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

By letter agreement dated August 13, 2010 (the "Contract"), Plaintiff agreed to prepare project proposals on behalf of Defendant in return for payment of "a success fee equivalent to five percent of the full amount of funding awarded to [Defendant] as a

---

[1]Judge Restrepo referred all post-trial motions to the undersigned for disposition. Doc. 58.  I will confine my order to ruling on the motion, and will not address the entry of judgment.

result of the submission of the proposal prepared by [Plaintiff] . . . ." Contract (Doc. 55 Exh. B), "Scope of Work" & "Compensation and Expenses." The Contract further provided that "success fees will be due and payable within thirty days of notification of the grant award by the granting agency . . . ." Contract, "Compensation and Expenses." During the course of 2010, Plaintiff successfully prepared five grant proposals on behalf of Defendant, specifically one Promise Neighborhood Grant ("PNG"), two School Improvement Grants ("SIG's") – one each for Bluford and Daroff – and two Renaissance School Initiative awards ("Renaissance" awards) – also one each for Bluford and Daroff. On December 12, 2013, Plaintiff commenced this suit for payment of success fees under the Contract for these five grants and related damages. Doc. 1.

On October 31, 2014, after a trial before Judge Restrepo, the jury found that Defendant breached its contract with Plaintiff with respect to the five grant proposals prepared by Plaintiff under the Contract. Verdict Form (Doc. 52). The jury award for success fees as to each grant are as follows:

1. SIG for Bluford           $ 71,280.00
2. SIG for Daroff            $ 71,280.00
3. Renaissance for Bluford   $300,000.00
4. Renaissance for Daroff    $300,000.00
5. PNG                       $ 25,000.00

Id. Thus, the jury calculated Plaintiff's total loss to be $767,560.00. Id.

On November 7, 2014, Plaintiff filed the present motion seeking prejudgment interest in the amount of $184,214.40. Doc. 55 ¶ 15. On November 20, 2014, Defendant

2

filed a response in opposition to the motion, challenging all of the requested prejudgment interest sums except for the interest on the PNG award.  Doc. 57.  I held oral argument on the motion on January 12, 2015, and gave the parties two weeks to file supplemental argument in letter format.  Doc. 62.  The parties thereafter submitted supplemental argument.  Docs. 63 & 64.

## II.     DISCUSSION

In this diversity action, I must consider Plaintiff's request for prejudgment interest according to the applicable state law, and there is no dispute that Pennsylvania law applies.  Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 171 (3d Cir. 2010).   Also, the parties agree that the applicable rate is six percent annual simple interest.  See 41 P.S. § 202; Carroll v. City of Philadelphia, Bd, of Pensions & Retirement Mun. Pension Fund, 735 A.2d 151 (Pa. Commw. 1999).  The parties' dispute centers on whether, and if so when and as to what amounts, that interest rate should be applied.

Pennsylvania has adopted the Restatement (Second) of Contracts.  See Cresci Const. Servs., Inc. v. Martin, 64 A.3d 254, 259 & n.8 (Pa. Super. 2013).  Pertinent to the issue at hand, section 354 of the Restatement states:

> (1)  If the breach [of contract] consists of a failure to pay a definite sum in money or to render a performance with a fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.
> (2)  In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

3

Restatement (Second) of Contracts §354(1)-(2).  "Comment (c) to Restatement section 354 underscores that prejudgment interest is awarded as a matter of right **only** on breach-of-contract damages ascertainable from the **terms of the contract**," while in other circumstances, "prejudgment interest is awarded at the court's discretion."  Cresci, 64 A.3d at 260-61 (emphasis in original).

Thus, there are two types of prejudgment interest.  As to the first,

> [i]n claims that arise out of a contractual right, interest has been allowed at the legal rate from the date that payment was wrongfully withheld, *where the damages are liquidated and certain, and the interest is readily ascertainable through computation.*  Interest must be awarded notwithstanding the good faith of the party contesting the claim.

Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Serv's, L.P., 942 F. Supp.2d 516, 530 (E.D. Pa. 2013) (citations omitted) (emphasis added).  Second,  where prejudgment interest is not available as of right, discretionary "[d]amages for breach of contract include not only the value of the promised performance but also compensation for consequential loss."  Cresci, 64 A.3d at 261 (quoting  Restatement (Second) of Contracts, § 354 cmt. d).  As a result, "[t]here is no requirement that damages must be liquidated to receive prejudgment interest, and there is also no exception to a party's right to prejudgment interest simply because the amount of damages must be determined at trial."  Eastern Elec. Corp. v. Shoemaker Const. Co., 657 F. Supp.2d 545, 561 (E.D. Pa. 2009).

I will now apply these principles to each of the three categories of grants at issue – PNG, SIG's and Renaissance grants.

### A. PNG

First, Plaintiff seeks prejudgment interest on the jury award related to the PNG. Doc. 55 ¶¶ 12-13. The jury found that Plaintiff's loss related to the PNG was $25,000. Verdict Form (Question 5). The trial record establishes that the date of the PNG award was September 21, 2010. See N.T. 01/12/15 at 5 (referring to Grant Award Notification, Trial Exh. 230). Therefore, pursuant to the Contract, Plaintiff's success fee was due 30 days later, on or before October 21, 2010. As a result, Plaintiff seeks prejudgment interest for the PNG in the amount of $6,000 (that is, six percent of $25,000, or $1,500, per annum for each of four years between October 2010 and the jury's verdict in October 2014; or, $1,500 x 4 years = $6,000). See Doc. 55 ¶13 & Exh. C.

Defendant does not contest the date of the PNG award or Plaintiff's calculation of the interest due. See Doc. 57 ¶ 1 (conceding PNG is subject to prejudgment interest as set forth in 41 P.S. § 202); N.T. 01/12/15 at 7. While not articulated as such, Defendant appears to agree that Plaintiff is entitled to prejudgment interest as of right. Because the PNG Grant Notification Award contains a specific date upon which a specific amount was awarded, and because the Contract clearly entitled Plaintiff to her success fee as of a specific date, I conclude that Plaintiff's damages were liquidated and certain, and that she is entitled to prejudgment interest as of right. Accordingly, Plaintiff is entitled to $6,000 in prejudgment interest on the PNG award.

### B. SIG's

Plaintiff also seeks prejudgment interest on the jury award on both SIG's. As previously noted, the jury determined Plaintiff's loss related to each of the SIG's to be

5

$71,280.00. Verdict Form (Questions 1 & 2). The trial record does not contain a grant award notification as it did for the PNG. See N.T. 01/12/15 at 18. Instead, according to Plaintiff, the record establishes August 28, 2010, as the grant date of the SIG's, and therefore the success fees were due on or before September 27, 2010. Id. at 9; Doc. 55 ¶ 6. Specifically, Plaintiff points to an e-mail sent from Defendant to Plaintiff on August 28, 2010, stating "[o]ur new school received the [SIG] grants which can be up to $2M in . . . funds over the next 3 years." See Trial Exh. 79 (introduced at trial and presented during oral argument). Plaintiff also relies on an e-mail dated September 3, 2010, from Tara Feiner of the Philadelphia School District to Defendant, among others, showing "[a]ctual award amounts" for the SIG's. See Doc. 63 Exh. 82 ("Feiner E-mail").[2] As a result of these e-mails, Plaintiff contends that Defendant "knew the precise amounts of its [SIG] awards by [] September 3, 2010 (if not before)." Id. at 1.

Based on her argument, Plaintiff asserts that she is entitled to prejudgment interest as of right, and seeks six percent of the loss incurred on each grant based on the jury's award, for each year from the date each grant was awarded through 2014, resulting in the following prejudgment interest amounts:

    1. SIG for Bluford                                            $17,107.20
       (6 percent of $71,280.00 = $4,276.80 x 4 years)

    2. SIG for Daroff                                              $17,107.20
       (6 percent of $71,280.00 = $4,276.80 x 4 years)

---

[2]The e-mail was marked as joint Exhibit 82, but was not introduced at trial. Instead, Plaintiff submitted the document as an exhibit to her supplemental briefing, and both parties rely on it to support their arguments. See Doc. 63 at 1; Doc. 64 at 1-2.

Doc. 55 ¶¶ 7-8. The total prejudgment interest sought by Plaintiff related to the SIG's is $34,214.40. Id.

Defendant does not contest Plaintiff's entitlement to prejudgment interest for the SIG's, nor does Defendant dispute that the full amounts of the grants were disbursed, or what those total amounts were. See N.T. 01/12/15 at 33, 34.[3] Instead, Defendant argues that the jury awards for each of the SIG's should reflect the fact that the SIG's were not disbursed in single lump sums, but were instead subject to a three-year period of disbursements based upon the SIG payment schedule set forth by the Pennsylvania Department of Education. See Doc. 57 ¶¶ 4-5; N.T. 01/12/15 at 22-27. Specifically, with regard to the August 28, 2010 e-mail, Defendant argues that the language "which can be up to $2M" is vague and does not establish a fixed or ascertainable sum for purposes of prejudgment interest as of right. See N.T. 01/12/05 at 22-23, 33-34. With regard to the Feiner E-mail, Defendant notes that the e-mail outlines a three-year funding schedule, but does not detail anticipated payment dates, and that it instructs the School District of Philadelphia "to complete the application process for Year 1 based on the actual award amounts," but without requesting similar data for the years to follow, implying that such information could not be determined at the outset. Doc. 64 at 2. Instead, Defendant

---

[3]Plaintiff maintains that the full amount of the SIG awards was $3.96 million, or $1.98 million for each, and Defendant concedes that this full award was received over the three years of the grants. N.T. 01/12/15 at 9, 33. However, this number does not square with the jury's verdict, as five percent of each $1.98 million award is $99,000 rather than $71,280. The explanation Plaintiff's counsel offered for this anomaly is that Plaintiff issued an invoice, trial exhibit 91, which was introduced at trial and made part of the hearing record, in which she offered a "discount" of the full success fee in the amount of $71,280. Id. at 13-14.

7

identifies letters from the Pennsylvania Department of Education dated June 10, 2011 (Bluford and Daroff), December 8, 2011 (Daroff), January 4, 2013 (Daroff), and January 31, 2013 (Bluford) (collectively, "PDE Letters"), as award notifications with fixed, identifiable sums as follows:

|  |  |  |
| --- | --- | --- |
| 06/10/11 | Daroff #1 | $561,740.00 |
| 06/10/11 | Bluford #1 | $809,194.00 |
| 12/08/11 | Daroff #2 | $660,876.00 |
| 12/08/11 | Bluford #2 | $660,876.00 |
| 01/31/13 | Daroff #3 | $486,429.00 |
| 02/01/13 | Bluford #3 | $486,429.00 |

See Doc. 57 Exhs. A & B.[4]

Defendant argues that because the SIG awards were paid in three disbursements, the jury award should likewise be divided by three for purposes of the prejudgment interest calculation. See Doc. 57 Exh. A; N.T. 01/12/15 at 20-21.[5] Thus, while disputing Plaintiff's entitlement to prejudgment interest as of right, Defendant concedes that discretionary interest is owed based on the actual disbursement schedule. As a result, Defendant calculates interest based on one-third of each SIG award per year – six

---

[4]The actual disbursement numbers in the PDE Letters are not identical to the purported "actual" award amounts in the Feiner E-mail, nor do they add up to the agreed-upon total of $1.98 million for each SIG. For example, the Feiner E-mail anticipated an award in Daroff in Year three of $660,876, whereas the PDE Letter of January 31, 2013, showed disbursement of $486,429.

[5]The December 8, 2011 letter regarding Daroff was apparently included twice. See Doc. 57 Exh. A; N.T. 01/12/15 at 20. Although the PDE Letters were not introduced at trial, Plaintiff's counsel did not dispute their authenticity for purposes of the present motion. N.T. 01/12/15 at 11-12, 15. Plaintiff's counsel also conceded that at trial "[w]e really did not get into . . . when payments were to be made." Id. at 12.

8

disbursements altogether, two for each SIG – based on the individual disbursement dates. See Doc. 57 ¶¶ 4-5 & Exh. B (Table); N.T. 01/12/05 at 34-35.  According to Defendant, therefore, Plaintiff is entitled to prejudgment interest of six percent as to each $23,760 disbursement (that is, $1,425.60 each), or $8,553.60 in total ($1,425.60 x 6 disbursements).  See Doc. 57-2 (Exh. B) (Table).

      I agree with Defendant that the precise amounts of the SIG's could not be known at the time of the initial award because Plaintiff did not establish through documentation or otherwise that she was due a success fee that was fixed or ascertainable as of late August or early September 2010.  The question next arises whether Plaintiff is due prejudgment interest as of right from the date of the PDE Letters setting forth actual disbursement amounts.  Neither party has suggested such a calculation, and I agree it is not appropriate under the circumstances.  The parties have not related the jury's success fee award on each SIG award ($71,280) to any specific disbursements.  Also, as noted, the total disbursements contained in the PDE Letters do not equate mathematically to the success fee found by the jury, making it impossible to say that the success fee was fixed or ascertainable as of any given date.  Accordingly, Plaintiff is not entitled to prejudgment interest as of right calculated from the initial SIG award dates.  See Cresci, 64 A.3d at 260-61(citing Restatement (Second) of Contracts, § 354 cmt. c).

      Instead, I conclude that Plaintiff is entitled to prejudgment interest at the discretion of the court.  Such an award should be fashioned in such a way as to compensate Plaintiff for the value of the promised performance and consequential loss.  Cresci, 64 A.3d at 261 (citing Restatement (Second) of Contracts, § 354 cmt. d).  Therefore, the next step is to

determine how best to fashion an interest figure to compensate Plaintiff for the delay in receiving the amount the jury has found she is owed.

At oral argument, Plaintiff's counsel agreed that the SIG's were to be paid out over three years. N.T. 01/12/15 at 15. Therefore, although the total potential award amounts may have been known in September 2010, there was no way to know for sure if and when a given disbursement would occur, or what the precise disbursement amount would be. Plaintiff invoiced Defendant quarterly for payments over three years. See N.T. 01/12/15 at 30, 31-32. Although her counsel explained that she was willing to accept payment over time even though she could have insisted on the whole amount, id. at 32, Defendant makes a fair point that she could hardly have expected payment of a percentage on an amount that was never paid. Id. at 33. Therefore, for purposes of calculating prejudgment interest, Plaintiff's jury award of $71,280 for each SIG (Bluford and Daroff) should be conceptualized as three equal sums of $23,760 (for a total of six such sums, three for each SIG).

Although I have agreed with Defendant that the prejudgment interest calculation should be based on equal disbursements over three years, Defendant has made a fundamental error regarding the calculation of prejudgment interest. In its response to the motion, Defendant argues that Plaintiff's October 2014 jury award of $71,280 as to each SIG should be divided into three equal amounts of $23,760, and that Plaintiff is entitled to six percent prejudgment interest as to each of these amounts, or $1,424.60 – and nothing more – ignoring the power of time. To the contrary, as previously discussed, Pennsylvania law requires payment of six percent *per annum* of any sums found to have

10

been wrongly withheld.  See 41 P.S. § 202 (emphasis added).  As applied to the SIG award disbursements, therefore, the calculation of prejudgment interest should be as follows:[6]

| | |
|---|---|
| 06/10/11 Daroff #1<br>($23,760 x 6 percent x 3.33 years (3 years, 4 months)) | $4,747.25 |
| 06/10/11 Bluford #1<br>($23,760 x 6 percent x 3.33 years (3 years, 4 months)) | $4,747.25 |
| 12/08/11 Daroff #2<br>($23,760 x 6 percent x 2.83 years (2 years, 10 months)) | $4,034.45 |
| 12/08/11 Bluford #2<br>($23,760 x 6 percent x 2.83 years (2 years, 10 months) | $4,034.45 |
| 01/31/13 Daroff #3<br>($23,760 x 6 percent x. 1.75 years (1 year, 9 months)) | $2,494.80 |
| 02/01/13 Bluford #3<br>($23,760 x 6 percent x 1.67 years (1 year, 8 months)) | $2,380.75 |

The total of these six sums is $22,438.95.

---

[6]These calculations closely track those contained in document "Hearing P-1," which Plaintiff submitted at oral argument and which purports to include "mathematically correct calculations" of prejudgment interest based on Defendant's assumptions regarding the notification dates and regarding the calculation of interest based on the separate disbursements.  See N.T. 01/12/15 at 50; Hearing P-1.  In her submission, Plaintiff utilized a procedure for calculating interest in which partial years' interest payments were calculated by adding one percent interest for every two months.  However, my calculations are based on fractions of years.

As previously noted, under Pennsylvania law prejudgment interest is calculated at six percent per annum and is simple interest, not compounded.  41 P.S. § 202; Carroll, 735 A.2d at 151.  At oral argument, defense counsel initially appeared to question whether the calculations presented by Plaintiff's counsel were based on compound, rather than simple, interest.  See N.T. 01/12/15 at 51-52.  To the extent there is any question regarding the interest calculations, I note that they are based on six percent of fixed sums, calculated per annum, and not six percent of ever-increasing sums.  Therefore, all of the interest calculations contained in Hearing P-1, and herein, are simple interest.

Accordingly, I find Plaintiff is entitled to $22,438.95 in prejudgment interest on the SIG's.

### C. <u>Renaissance</u>

Plaintiff also seeks prejudgment interest as of right on both Renaissance grants. As previously noted, the jury determined Plaintiff's loss related to each of the Renaissance grants to be $300,000.00. Verdict Form (Questions 3 & 4). According to Plaintiff, the trial record established the award date of the Renaissance grants to be in June 2010, and therefore the success fees were due to Plaintiff no later than July 31, 2010, making the amounts owed readily ascertainable. Doc. 55 ¶ 9; <u>N.T.</u> 01/12/15 at 39-40. Plaintiff relies on an e-mail dated March 8, 2010, attaching a Request for Proposal ("RFP") for Renaissance-Year 1, which states: "The School District of Philadelphia will calculate an adjusted per pupil amount for the 2010-11 school year in May 2010 based on the actual School District of Philadelphia expenses for the 2009-10 school year." Doc. 63 Exh. 309; RFP at 11 (ECF page 16).[7] According to Plaintiff, this language shows that Renaissance awardees knew in May 2010 what the per-pupil amount would be before the 2010-11 school year, and presumably the same logic would apply going forward. Thus, in her motion Plaintiff seeks six percent of the loss incurred on each grant based on the jury's award, for each year from the date each grant was awarded through 2014, resulting in the following prejudgment interest amounts:

    1. Renaissance School Initiative award for Bluford     $72,000.00
        (6 percent of $300,000 = $18,000 x 4 years)

---

[7]Plaintiff's counsel represented that Exhibit 309 was introduced at trial. Doc. 63 at 1.

      2. Renaissance School Initiative award for Daroff      $72,000.00
         (6 percent of $300,000 = $18,000 x 4 years)

Doc. 55 ¶¶ 10-11.

     Defendant argues that the damages related to the Renaissance awards were not a "definite sum" – neither liquidated and certain nor readily ascertainable through computation – and therefore prejudgment interest is not chargeable as of right. See Doc. 57 ¶ 7; Doc. 64 at 2; N.T. 01/12/15 at 53-62, 72-73. Defendant points out that the Renaissance notification did not include a specific funding amount, and that the management fees were directly linked to the number of students enrolled at the schools and therefore fluctuated monthly, and therefore the fees could not be calculated until the conclusion of the academic year. In other words, because there was no way to know in advance what the precise number of students would be, the calculations and payments would be made at a later date, once the number of students was known and the state legislature had determined funding levels. See Doc. 57 ¶¶ 9-10; N.T. 01/12/15 at 54-56. Also, because Plaintiff has not presented any documents showing that precise funding amounts were known in advance of any academic year, Defendant argues that there is no way to determine a "definite amount" owed at the time of the breach, and that therefore prejudgment interest is not owed on the Renaissance awards as of right. See Doc. 57 ¶ 7; Doc. 64 at 2. Moreover, Defendant maintains that prejudgment interest should not be awarded at all, but does not articulate why it should not be granted in the court's discretion. Doc. 64 at 2.

As with the SIG's discussed in the previous section, I agree with Defendant to the extent that the precise amounts of the Renaissance awards could not be known in June 2010, when the awards were announced, and that the Renaissance monies were to be disbursed over a multi-year period and not in a lump sum.  It follows, therefore, that Plaintiff is not entitled to prejudgment interest as of right calculated based on the lump-sum jury award from the initial award dates.  See Cresci, 64 A.3d at 260-61.  However, I disagree with Defendant's argument that this forecloses Plaintiff from any prejudgment interest related to the Renaissance Initiatives.  Instead, as with the SIG's, Plaintiff is entitled to discretionary prejudgment interest that compensates Plaintiff for the value of the promised performance and consequential loss.  Id. at 261 (citing Restatement (Second) of Contracts, § 354 cmt. d).  The jury awarded Plaintiff $300,000 in damages for each of the two Renaissance Initiatives, and these awards should form the basis of the discretionary prejudgment interest calculation.

The difficulty in calculating an appropriate prejudgment interest amount arises from the jury's verdict.  As Plaintiff's counsel represented during argument, the Renaissance grants were "roughly" six million dollars per year for each of the two schools, and at the time of trial "probably over 50 million" had been awarded, as the contracts were in their fifth year.  N.T. 01/12/15 at 47.  At trial, Plaintiff sought the success fee on the entire amount of approximately $600,000 ($300,000 x 2) for each year of the grant program, but agreed that the jury's verdict of $300,000 per school represents a "ballpark [of] what each got for the first year."  Id. at 46-47.  Thus it is unclear whether the jury's award is based on (1) the full grants paid in the first year, or (2) some portion

14

of what was paid over time. Plaintiff's position derives from the first of these possibilities.

Defendant opts for the second possibility, arguing in the alternative that prejudgment interest for the Renaissance awards should be calculated in the same manner as for the SIG's – namely, that instead of applying prejudgment interest per annum to the entire $300,000 verdict amount for each Renaissance Initiative, the verdict amount should be spread over the five years of the Renaissance Initiatives, or $60,000 per year. Doc. 57 ¶ 12; Exh. C (showing Renaissance Initiatives for Bluford and Daroff both ran from July 1, 2010, through June 30, 2015); N.T. 01/12/15 at 64-65. Under this alternative calculation, Defendant argues that Plaintiff would be entitled to $3,600 (6 percent of $60,000) for each of the four years between the initial Renaissance awards in June 2010 through the jury verdict in October 2014, or $14,400 ($3,600 x 4 years) per Renaissance award.

Given that the Renaissance monies were to be spread out over a period of years, and without further guidance as to the jury's intention, I agree with Defendant's suggestion that the jury's Renaissance awards should be divided into four parts. However, I disagree with Defendant's prejudgment interest calculation for the same reason previously discussed, that is, because Pennsylvania law requires prejudgment interest to be calculated at six percent per annum from the date upon which each sum was

15

wrongfully withheld.  See 41 P.S. § 202.  As applied to the Renaissance awards,

therefore, the calculation of prejudgment interest should be as follows: [8]

    2010-11    Daroff    June 30, 2011    $11,988.00
    ($60,000 x 6 percent x 3.33 years (3 years, 4 months))

    2010-11    Bluford    June 30, 2011    $11,988.00
    ($60,000 x 6 percent x 3.33 years (3 years, 4 months))

    2011-12    Daroff    June 30, 2012    $8,388.00
    ($60,000 x 6 percent x 2.33 years (2 years, 4 months))

    2011-12    Bluford    June 30, 2012    $8,388.00
    ($60,000 x 6 percent x 2.33 years (2 years, 4 months))

    2012-13    Daroff    June 30, 2013    $4,788.00
    ($60,000 x 6 percent x 1.33 years (1 year, 4 months))

    2012-13    Bluford    June 30, 2013    $4,788.00
    ($60,000 x 6 percent x 1.33 years (1 year, 4 months))

    2013-14    Daroff    June 30, 2014    $1,188.00
    ($60,000 x 6 percent x .33 years (4 months))

    2013-14    Bluford    June 30, 2014    $1,188.00
    ($60,000 x 6 percent x .33 years (4 months))

The total of these eight sums is $52,704.00.

    Accordingly, I find Plaintiff is entitled to $52,704.00 in prejudgment interest on the Renaissance Initiatives.

---

    [8]My calculations are based on the same assumptions made by Plaintiff in document "Hearing P-1" submitted at oral argument.  See N.T. 01/12/15 at 50; Doc. Hearing P-1 at n.4.  Most importantly, I also adopt June 30th as the conclusion of each academic year (and therefore as the award date for each disbursement) for purposes of calculating prejudgment interest.

## III.     CONCLUSION

Plaintiff prevailed at trial against Defendant related to five grant proposals in three categories – one PNG, two SIG's and two Renaissance grants – which were prepared by Plaintiff pursuant to the Contract between the parties.  The jury awarded Plaintiff damages totaling $767,560.00, and Plaintiff seeks to add $184,214.40 in prejudgment interest to the jury's verdict.  Defendant does not contest payment of prejudgment interest in the amount of $6,000.00 for the PNG award.  For the reasons discussed herein, I find that Plaintiff is entitled to $22,438.95 in prejudgment interest for the SIG's, and $52,704.00 in prejudgment interest for the Renaissance Initiatives.  In total, therefore, I find that Plaintiff is entitled to $81,142.95 in prejudgment interest.

An appropriate Order follows.